IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF GEORGIA
ATLANTA DIVISION

| | |
|---|---|
| **ARRYN HURST,** | |
| **Plaintiff,** | |
| vs. | Civil Action No. _____ |
| **ENERGY BATTERY GROUP, INC.,** | |
| **Defendant.** | |

## COMPLAINT

Plaintiff Arryn Hurst herein asserts a claim against Defendant Energy Battery Group, Inc., for liquidated damages arising from untimely paid overtime wages, showing the Court as follows:

### INTRODUCTION

1.  In this Fair Labor Standards Act action, 29 U.S.C. § 201 *et seq.*, Plaintiff seeks to recover liquidated damages arising from overtime wage payments that were not timely made by her former employer, Defendant Energy Battery Group, Inc.

### JURISDICTION AND VENUE

2.  The jurisdiction of this Court is proper pursuant to Article III, § 2 of the United States Constitution, 29 U.S.C. § 216(b) and 28 U.S.C. §§ 1331 and

1337, as this case arises under the FLSA, a federal statute that affects interstate commerce.

3. Energy Battery Group, Inc., is a foreign corporation existing under the laws of the State of Texas.

4. Energy Battery Group, Inc., may be served with process via service on its registered agent for service, Joan Bingham, at 561 Thornton Road, Suite J, Lithia Springs, Douglas County, Georgia 30122.

5. This Court has personal jurisdiction over Energy Battery Group, Inc.

6. Venue properly lies in the Northern District of Georgia under 28 U.S.C. § 1391 because Defendant regularly conduct business in this judicial district, a substantial portion of the events giving rise to the claims herein arose in this judicial district, and Defendant resides in this judicial district.

**EMPLOYMENT RELATIONSHIP**

7. Defendant Energy Battery Group owns and operates a national battery distribution business and sells and distributes batteries to commercial and individual customers across the U.S.

8. Plaintiff worked for Defendant in its accounts receivable department from May 2018 through January 2021.

9. At all relevant times, Plaintiff was an "employee" of Energy Battery Group within the meaning of 29 U.S.C. § 203(e)(1).

**INDIVIDUAL COVERAGE UNDER THE FLSA**

10. In each workweek throughout her employment by Energy Battery Group, in her role as an order processor, fulfilling customer orders across the U.S., Plaintiff was an employee "engaged in commerce" within the meaning of 29 U.S.C. § 207(a)(1).

**ENTERPRISE COVERAGE UNDER THE FLSA**

11. During 2018, Energy Battery Group had two or more "employees engaged in commerce" as defined by 29 U.S.C. § 203(s)(1)(A).

12. During 2018, Energy Battery Group had two or more "employees handling, selling or otherwise working on goods or materials that have been moved in or produced for commerce by any person." as defined in 29 U.S.C. § 203(s)(1)(A).

13. During 2018, Energy Battery Group had an annual gross volume of sales made or business done of not less than $500,000 (exclusive of excise taxes at the retail level that are separately stated) within the meaning of 29 U.S.C. § 203(s)(1)(A).

14. During 2018, Energy Battery Group was an "enterprise engaged in commerce or in the production of goods for commerce" as defined in the 29 U.S.C. § 203(s)(1).

15. During 2019, Energy Battery Group had two or more "employees engaged in commerce" as defined by 29 U.S.C. § 203(s)(1)(A).

16. During 2019, Energy Battery Group had two or more "employees handling, selling or otherwise working on goods or materials that have been moved in or produced for commerce by any person." as defined in 29 U.S.C. § 203(s)(1)(A).

17. During 2019, Energy Battery Group had an annual gross volume of sales made or business done of not less than $500,000 (exclusive of excise taxes at the retail level that are separately stated) within the meaning of 29 U.S.C. § 203(s)(1)(A).

18. During 2019, Energy Battery Group was an "enterprise engaged in commerce or in the production of goods for commerce" as defined in the 29 U.S.C. § 203(s)(1).

19. During 2020, Energy Battery Group had two or more "employees engaged in commerce" as defined by 29 U.S.C. § 203(s)(1)(A).

20. During 2020, Energy Battery Group had two or more "employees handling, selling or otherwise working on goods or materials that have been moved in or produced for commerce by any person." as defined in 29 U.S.C. § 203(s)(1)(A).

21. During 2020, Energy Battery Group had an annual gross volume of sales made or business done of not less than $500,000 (exclusive of excise taxes at the retail level that are separately stated) within the meaning of 29 U.S.C. § 203(s)(1)(A).

22. During 2020, Energy Battery Group was an "enterprise engaged in commerce or in the production of goods for commerce" as defined in the 29 U.S.C. § 203(s)(1).

**GENERAL FACTUAL BACKGROUND**

23. Throughout her employment, for an approximately three-month period each year, Plaintiff regularly worked in excess of 40 hours per week.

24. While Defendant did eventually pay Plaintiff her overtime wages, it did not do so timely, paying them only after all anticipated overtime hours for the year had been worked.

## COUNT I
### FAILURE TO PAY OVERTIME WAGES PURSUANT TO 29 U.S.C. § 207

25. At all relevant times, Plaintiff was an employee covered by the FLSA and entitled to the maximum hour (i.e., overtime) wage protections set forth in 29 U.S.C. § 207.

26. During an approximately three-month period each year, Plaintiff regularly worked for Defendant in excess of 40 hours per week.

27. Each year, Defendant failed to pay required overtime wages when they were due, but instead paid them weeks or months late, only after all anticipated overtime anticipated that year had been performed.

28. As a result of the late payment of overtime wages as alleged above, Plaintiff is entitled to liquidated damages in an amount equal to her unpaid overtime wages in accordance with 29 U.S.C. § 216(b).

29. As a result of the underpayment of overtime wages as alleged above, Defendant is liable to Plaintiff for her litigation costs, including her reasonable attorney's fees, in accordance with 29 U.S.C. § 216(b).

WHEREFORE, Plaintiff respectfully prays that the Court:

(a) Take jurisdiction of this matter;

(b) Grant a trial by jury as to all matters properly triable to a jury;

(d) Issue a judgment declaring that Plaintiff is an employee covered by the FLSA, and that Defendant failed to comply with the maximum hour requirements of the FLSA;

(e) Award Plaintiff liquidated damages in amount of her untimely overtime earinings;

(f) Award Plaintiff her costs of litigation including reasonable attorney's fees pursuant to 29 U.S.C. § 216(b); and

(g) Award any and such other further relief this Court deems just and proper.

This 27th day of September 2022.

Respectfully submitted,

**DELONG, CALDWELL, BRIDGERS, FITZPATRICK & BENJAMIN, LLC**

| | |
|---|---|
| 101 Marietta Street | *s/ Matthew W. Herrington* |
| Suite 2650 | Charles R. Bridgers |
| Atlanta, Georgia 30303 | Georgia Bar No. 080791 |
| (404) 979-3171 | Matthew W. Herrington |
| (404) 979-3170 (f) | Georgia Bar No. 275411 |
| charlesbridgers@dcbflegal.com | |
| matthew.herrington@dcbflegal.com | Counsel for Plaintiff |